UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY ABUBACAR

                            Plaintiff,

-against-

CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE #1-3,

                            Defendants.
------------------------------------------------------------X

Index No. 25-cv-4944-UA

**COMPLAINT**

Plaintiff Demands Trial by Jury

       Plaintiff, GARY ABUBACAR, by and through his attorney, Alexis G. Padilla, complaining of the defendants, CITY OF NEW YORK and POLICE OFFICERS JOHN DOE #1-3, upon information and belief, alleges the following:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff, GARY ABUBACAR, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     Venue in this District is proper under 28 U.S.C. § 1391(b)(2) in that the events giving rise to this claim occurred within the Southern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

5. Plaintiff GARY ABUBACAR is of full age and a resident of Kings County, State of New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant POLICE OFFICERS JOHN DOE #1-3 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants POLICE OFFICERS JOHN DOE #1-3 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

## STATEMENT OF FACTS

8. On or about November 10, 2024, at approximately 10:00 P.M., in the vicinity of the Mo Deli, located at 303 E. Tremont Avene in the Bronx, plaintiff was lawfully present inside of a store when defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2 approached him and asked for identification.

9. Plaintiff did not have identification on him and stated as much to the officers, at which point POLICE OFFICER JOHN DOE #1 told him to put his arms behind his back because he was under arrest.

10. Plaintiff began to plead with the officers, at which point POLICE OFFICER JOHN DOE #2 took out a Taser and began pointing it at plaintiff.

11. Plaintiff tried to run from the officers but didn't get far before POLICE OFFICER JOHN DOE #1 tackled him to the floor.

12. With Plaintiff face down on the floor, POLICE OFFICER JOHN DOE #1 kneeled across plaintiff's legs as he applied mechanical constraints to plaintiff's wrists. The weight of the officer's body caused plaintiff to experience excruciating pain.

13. As POLICE OFFICER JOHN DOE #1 pinned plaintiff down, POLICE OFFICER JOHN DOE #3 arrived on the scene, and without any warning or provocation, began punching plaintiff in the head. Video of the incident depicts the officer striking plaintiff with a closed fist at least three times.

14. Plaintiff was taken into custody by the defendants and transferred in a police vehicle to the 46th Precinct in the Bronx.

15. At the 46th Precinct, he was placed in a cell where he remained for several hours.

16. From the 46th Precinct, he was transferred to Central Booking in the Bronx, where he was placed in another cell, where he remained before going in front of the Court.

17. Plaintiff was charged with resisting arrest and disorderly conduct and released on his own recognizance.

18. All charges filed against plaintiff were eventually dismissed.

19. He spent a total of approximately 24 hours in custody.

20. As a result of the illegal use of force and abuse of arrest power on the part of the defendants POLICE OFFICERS JOHN DOE #1-3, plaintiff did suffer injury, excruciating pain and the loss of liberty.

## AS FOR A FIRST CAUSE OF ACTION

*False Arrest as against defendant POLICE OFFICERS JOHN DOE #1-3 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

21. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

22. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

23. All of the aforementioned acts of defendants POLICE OFFICERS JOHN DOE #1-3 were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

26. The arrest complained of resulted in plaintiff's unlawful loss of liberty.

27. The acts complained of deprived plaintiff of his right to be free from false arrest.

## AS FOR A SECOND CAUSE OF ACTION

*Excessive Force as against defendant POLICE OFFICERS JOHN DOE #1-3 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

28. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

29. At all times during the events described above defendants POLICE OFFICERS JOHN DOE #1-3 lacked probable cause to use force against plaintiff.

30. All of the aforementioned acts of defendants were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

33. At all times complained of, the defendants had an obligation to intervene and put a stop to the use of excessive force and each of them failed to do so.

34. The acts complained of resulted in pain and injury to plaintiff.

35. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

36. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

5

37. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

38. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

39. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force and arrest power as described in this Complaint.

40. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive

damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: June 12, 2025
       New York, NY

By:    /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
*Gary Abubacar*
378 Lewis Ave. #6
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com